**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JASON LAFFREY,

     Plaintiff,

-vs-

                                   Case No.

EQUIFAX INFORMATION SERVICES
LLC; TRANS UNION LLC, and I.Q.
DATA INTERNATIONAL, INC.,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Jason Laffrey (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); Trans Union LLC (hereinafter "Trans Union"); and I.Q. Data International, Inc. (hereinafter "IQ") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA") Fl. Stat. § 559.72 *et seq.*

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

### JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Miami-Dade County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

3

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16. IQ is a corporation with its principal place of business in the State of Washington and is authorized to do business in the State of Florida through its

registered agent, Corporation Service Company located at 1201 Hays St., Tallahassee, FL 32301.

17. IQ is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18. IQ furnished information about Plaintiff to Equifax and Trans Union that was inaccurate.

19. IQ is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Upon information and belief, IQ is regularly engaged in the business of collecting or attempting to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

20. On or about 2024, Plaintiff became aware that a false IQ account (partial account # IQD0ZRS0773XXXX, hereinafter "IQ Account") was appearing on behalf of credit reports. IQ was collecting on behalf of Sunrise Harbor Arbor Apartments (hereinafter "Sunrise").

21. Plaintiff does not owe any debt to IQ or the original creditor Sunrise.

22. Upon discovering, Plaintiff disputed the false IQ Account to Equifax and Trans Union, while he never received a response from Trans Union to his dispute, Plaintiff did received a result from Equifax dated October 2, 2024 (Confirmation #4267612633) where Equifax verified the false IQ account.

23.     Plaintiff was initially discouraged and demoralized by Defendants' refusal to investigate and correct their false reporting, however he pulled his reports again on March 2, 2026 and was shocked to see Equifax and Trans Union still reporting the false IQ Account which he does not owe.

24.     On or about April 6, 2026, Plaintiff sent detailed written dispute letters via Certified USPS Mail to Equifax (Tracking # 9589 0710 5270 4101 7039 66) and Trans Union (Tracking #9589 0710 5270 4101 7039 59), in the detailed disputes Plaintiff included his date or birth, social security, address and images of his driver's license and passport to prove his identity. Plaintiff further explained that he owes no debt to IQ or the original creditor Sunrise and included supporting documents.

25.     As of the filing of this Complaint, Plaintiff never received responded from Equifax or Trans Union as to these detailed dispute letters.

26.     On or about May 13, 2026, Plaintiff again pulled his Equifax and Trans Union reports and was stunned to see the false IQ account still appearing on his credit reports.

27.     That same day, on or about May 13, 2026, Plaintiff sent another set of detailed written dispute letters via Certified USPS Mail to Equifax (Tracking # 9407 1111 0549 5818 1113 11) and Trans Union (Tracking #9407 1111 0549

5818 1113 66), in the detailed disputes Plaintiff included his date or birth, social security, address and images of his driver's license and passport to prove his identity. Plaintiff further explained that he owes no debt to IQ or the original creditor Sunrise and included supporting documents.

28.    As of the filing of this Complaint, Plaintiff has still not received responses as to these newest disputes.

29.    Upon information and belief, the Equifax and Trans Union forwarded the request to IQ to confirm the validity of the account. Upon information and belief, IQ had knowledge of the situation and should have been able to confirm it was not due to any action or negligence by Plaintiff.

30.    If at any point, IQ had communicated with Sunrise, it would have been able to determine what it was reporting about Plaintiff was false.

31.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher. Equifax received all the information necessary to have determined that the IQ account should not be reporting. Credit Reporting Agencies such as Equifax should be able to verify the veracity of Plaintiff's claims and that an error was made by IQ.

32.    Equifax never attempted to contact Plaintiff during the alleged investigation.

33. Upon information and belief, Equifax notified IQ of Plaintiff's dispute. However, IQ failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation. Had IQ contacted Sunrise it would have been able to easily determine the IQ Account should not be reporting.

34. Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher. Trans Union received all the information necessary to have determined that the IQ account should not be reporting. Credit Reporting Agencies such as Trans Union should be able to verify the veracity of Plaintiff's claims and that an error was being made by IQ.

35. Trans Union never attempted to contact Plaintiff during the alleged investigation.

36. Upon information and belief, Trans Union notified IQ of Plaintiff's dispute. However, IQ failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation. Had IQ contacted Sunrise it would have been able to easily determine the IQ Account should not be reporting.

37.   As of the filing of this Complaint, upon information and belief, Equifax and Trans Union have failed to review or conduct a reasonable investigation as to Plaintiff's disputes. The inaccurate reporting of the IQ Account continues.

38.   The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher, IQ.

39.   IQ has not conducted a reasonable investigation despite Plaintiff's numerous pleas.

40.   Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.  The Defendants continue to defame Plaintiff by reporting inaccurate delinquent payment behavior.

41.   If at any point during this process, had the Defendants conducted a reasonable investigation in response to Plaintiff's disputes, the results would have been different.

42.   IQ was attempting to collect a debt from Plaintiff that did not belong to him.

43.   IQ was attempting to collect a debt that was illegitimate.

44.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

    ii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iii.    Reduction in credit score as the Defendants failed to properly investigate the disputed information;

    iv.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

    v.    Defamation as Plaintiff's information has been published to third parties including but not limited to MyFICO to calculate Plaintiff's credit score as well as to soft and promotional inquiries.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

45.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

46.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47.     Equifax allowed for a Furnisher, such as IQ, to report inaccurate and erroneous account information to Plaintiff's credit file.

48.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

49.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

50.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

51.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

52.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

53.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Jason Laffrey, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

54.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

55.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

12

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

56. Equifax allowed for a Furnisher, such as IQ, to report inaccurate and erroneous account information to Plaintiff's credit file.

57. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

58. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

59. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

60. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

62.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jason Laffrey, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

63.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

64.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain

14

reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66.     Plaintiff provided Equifax with the information it needed to confirm the IQ account should not be reporting. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

67.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

69.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Jason Laffrey, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
**Violations of 15 U.S.C. § 1681i as to
Defendant, Equifax Information Services LLC (Willful)**

70.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

71.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in

16

Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

72. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

73. Plaintiff provided Equifax with the information it needed to confirm the IQ Account should not be reporting. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

74. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Jason Laffrey, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

77. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

78. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79. Trans Union allowed for a Furnisher, such as IQ, to report inaccurate and erroneous account information to Plaintiff's credit file.

80. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

81. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

82. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

83. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

84. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

85. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Jason Laffrey, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

86. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

87. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

88. Trans Union allowed for a Furnisher, such as IQ, to report inaccurate and erroneous account information to Plaintiff's credit file.

89. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

90. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

91. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

92. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

93. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

94. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jason Laffrey, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**<u>COUNT VII</u>**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

95.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

96.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

97.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

98.    Plaintiff provided Trans Union with the information it needed to confirm the IQ Account should not be reporting. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

99.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

100.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

101.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Jason Laffrey, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

99.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

100.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

101. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed

24

to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

102.   Plaintiff provided Trans Union with the information it needed to confirm the IQ Account should not be reporting. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

103.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Jason Laffrey, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award

Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, I.Q. Data International, Inc. (Negligent)

106. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

107. IQ furnished inaccurate account information to Equifax and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

108. After receiving Plaintiff's disputes, IQ violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

109. Plaintiff provided all the relevant information and documents necessary for IQ to have identified that the account should not be reported.

110. IQ knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

111. IQ violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Trans Union after it had been notified that the information it was furnishing was inaccurate.

112. As a direct result of this conduct, action, and/or inaction of IQ, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113. The conduct, action, and inaction of IQ was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

114. Plaintiff is entitled to recover costs and attorney's fees from IQ in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Jason Laffrey, respectfully requests that this Court award actual damages against Defendant, I.Q. Data International, Inc.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-

judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, I.Q. Data International, Inc. (Willful)

115. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

116. IQ furnished inaccurate account information to Equifax and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

117. After receiving Plaintiff's disputes, IQ violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

118. Plaintiff provided all the relevant information and documents necessary for IQ to have identified that the account should not be reported.

119. IQ knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

120. IQ violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Trans Union after it had been notified that the information it was furnishing was inaccurate.

121. As a direct result of this conduct, action, and/or inaction of IQ, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

122. The conduct, action, and inaction of IQ was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

123. Plaintiff is entitled to recover costs and attorney's fees from IQ in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Jason Laffrey, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, I.Q. Data International, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XI**
**Violation of 15 U.S.C § 1692f(1) as to**
**Defendant, IQ Data International, Inc.**

124. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

125. IQ has repeatedly attempted to collect a debt from Plaintiff it knew or had reason to know was illegitimate.

126. IQ violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law.

127. IQ had all the information it needed to determine that the debt was erroneous and did not belong to Plaintiff, yet chose to continue to collect that debt regardless.

128. As a result of the conduct, action and inaction of IQ, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment and humiliation, and the damages otherwise outlined in this Complaint.

129. Plaintiff is entitled to recover actual, statutory, compensatory and punitive damages from IQ pursuant to the FDCPA.

30

130. Plaintiff is entitled to recover reasonable attorney's fees and costs from IQ in the amount to be determined by the Court pursuant to the FDCPA.

WHEREFORE, Plaintiff, JASON LAFFREY, respectfully requests that this Court award actual damages against Defendant, IQ DATA INTERNATIONAL, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violation of Florida Statute §559.72(9) as to
### Defendant, IQ Data International, Inc.

131. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

132. IQ violated Florida Statute § 559.72(9) by attempting to collect a debt it knew or had reason to know was not legitimate.

133. IQ had all the information it needed to determine that the debt was erroneous and did not belong to Plaintiff, yet chose to continue to collect that debt regardless.

134. As a result of the conduct, action and inaction of IQ, plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness,

embarrassment and humiliation, and the damages otherwise outlined in this Complaint.

135.   Plaintiff is entitled to recover actual, statutory, compensatory and punitive damages from IQ pursuant to the FCCPA.

136.   Plaintiff is entitled to recover reasonable attorney's fees and costs from IQ in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, JASON LAFFREY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, IQ DATA INTERNATIONAL, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jason Laffrey, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC; Trans Union LLC; and I.Q. Data International, Inc., jointly and severally; attorneys' fees and costs;

prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 9th day of June, 2026.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/Frank H. Kerney, III.*
Frank H. Kerney, III, Esq.
Florida Bar #:88672
Tennessee Bar #: 035859
Cell: (813)951-8278
Facsimile: (844)951-3933
Primary Email:
Frank@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*

33